## Staunton.

## LITTLE V. BOWEN ET ALS.

### October 12, 1882.

1. MERGER.—When greater and less estate coexist in one person, without any intermediate estate, the less is immediately merged in the greater.

2. APPELLATE COURT.—A decree, though erroneous, will not be disturbed at the instance of an appellant not prejudiced thereby. But if it prejudice the appellees, at their instance this court will reverse the decree at the appellant's costs.

3. DOWER—*Case at bar.*—Land descends on seven heirs and dowager. S sells his seventh to M, who conveyed it and his own seventh to secure debt to F S & Co. L, whose wife owned one-seventh, acquired five-sevenths, embracing M's two subject to the debt of F S & Co. C's heirs owned the remaining seventh. It was all subject to widow's dower, which was unassigned. L purchased the dower right for an annuity for widow's life, and L and wife conveyed four-sevenths, including wife's, to secure payment of the annuity. Subject to these trusts, L's entire interest was conveyed to separate use of L's wife. F S & Co. sued to enforce their trust on two-sevenths. C's heirs sued to sell their one-seventh. Widow sued to enforce her trust on four-sevenths. The suits being heard together—

HELD :

1. There was no *merger* of the dower purchased by L in the two-sevenths conveyed to secure F S & Co., and bought by L subject to that trust; nor in the one-seventh, the reversion whereof was owned by C's heirs. But as to three of the four shares conveyed to secure the widow's annuity, *merger* took place before the conveyance.

2. But disregarding the question of merger, L and wife conveyed the four-sevenths to secure payment of widow's annuity without reservation, and she is entitled to full benefit of those four-sevenths as her security, undiminished by any claim in L's wife as ultimate alienee of that dower.

3. In one-third of the two-sevenths conveyed to secure F S & Co., and in one-third of the one-seventh owned by C's heirs, L's wife, as such alienee, hath an estate for the widow's life, which, of course, takes precedence to the claim of F S & Co., as well as to the reversion of C's heirs.

Appeal of Mrs. Franklin Little from decree of circuit court of Clarke county, in three suits heard together, viz: Fowle, Snowden & Co. *v.* Franklin Little, wife and *als.*; W. L. Chipley and *als. v.* Same, and Sarah M. Bowen *v.* Same.

The facts essential to the understanding of the case are sufficiently stated in the opinion.

*A. B. Magruder*, for the appellant.

*S. J. C. Moore & Son*, for Mrs. Sarah M. Bowen, appellee.

*Marshall McCormick*, for Fowle, Snowden & Co., appellees.

Burks, J., delivered the opinion of the court.

A brief statement of this case is necessary to make the opinion intelligible.

Henry M. Bowen died seized in fee of a tract of land containing about 370 acres. He died intestate, and his wife and seven children survived him. One of the sons purchased the share of a brother and conveyed the shares he owned (two-sevenths), the one acquired by purchase and the other inherited, in trust to secure three bonds of $1,000 each to the vendor, who assigned them to Fowle, Snowden & Co. The purchaser then sold and conveyed the two shares to Franklin Little, subject to the trust deed. Little subsequently purchased three other shares, and afterwards the widow's dower (which had never been assigned her) in the entire tract of land. His wife, who was one of the heirs, and therefore owned one share, uniting with him in a deed

for the purpose, the two conveyed the four shares last mentioned, in trust to secure to the widow (Mrs. Bowen) the purchase money of the dower interest, which was an annuity of $300 during her life. Subsequently, Little sold, and by deed in which his wife united, conveyed their entire interest (six-sevenths) in the land, subject to the deeds of trust before mentioned, to Robinson, who afterwards reconveyed the same, subject to the same encumbrances, to the separate use of Mrs. Little. Thus she ultimately became entitled to the whole tract of land, except the share (one-seventh) owned by the Chipley heirs, her estate, however, being subject to the liens already mentioned.

No partition having been made, a bill was filed by Fowle, Snowden & Co., and another by the Chipley heirs, both seeking partition, and the former also praying a sale of the shares on which their deed of trust rested; and then Mrs. Bowen brought her suit to enforce the deed of trust given for her security, and also in behalf of other lien creditors. An account of the real estate, the encumbrances thereon and relative priorities, was ordered and taken, partition was made by commissioners appointed for the purpose, and the proceedings under the orders were reported to the court. Mrs. Little filed sundry exceptions to the report of liens, &c.

The three causes were heard together. Some of the exceptions were sustained and the rest overruled. One of the questions which seem to have been reserved in the decree ordering partition, was as to the extent of Mrs. Little's interest in the dower estate purchased by her husband. The court decided that she was entitled to the dower in the entire tract of land, and, in effect, that it was not subject to either of the deeds of trust before mentioned—the language of the decree being "that the dower of Sarah M. Bowen in the entire tract of land did not merge by Franklin Little's purchase thereof, but that the same is a sub-

sisting estate or interest in the hands of Gilbert R. Little, substituted trustee for Mary Jane Little," &c.; and the partition seems to have been made and the liens determined, arranged, and applied by the decree to the several parcels of the land divided, in conformity with this decision.

This decision the appellant (Mrs. Little), in her petition for appeal, assigns as error, why we cannot understand; for, if error, it would seem not to be to her prejudice, and if she were the only party complaining, the decree in that particular would not be disturbed at her instance. But the appellees, and especially Mrs. Bowen, under the practice of this court, sanctioned by its rules, assign the decision and the ordering part of the decree conforming to it as error to their prejudice. We must therefore consider whether this last named assignment is well founded or not.

The learned judge seems to have based his decision that Mrs. Little is entitled to the dower as a separate subsisting interest, on the ground that it never merged by her husband's purchase.

The doctrine of merger is well understood. It is described as the annihilation of one estate in another. It takes place usually when a greater estate and a less coincide and meet in one and the same person, without any intermediate estate, whereby the less is immediately merged—that is, drowned in the greater. To this result, it is necessary that the two estates should be in one and the same person, at one and the same time, in one and the same right. *Garland* v. *Pamplin*, 32 Gratt. 305, and authorities there cited.

Applying the doctrine to this case, it may be conceded that there was no merger as to the two-sevenths of the land conveyed in trust to secure the bonds of which Fowle, Snowden & Co. are assignees. The conveyance of these shares was subject to the dower, and when Franklin Little afterwards purchased them, he thereby acquired the equity

of redemption in the reversion, subject to the dower; and after the subsequent purchase of the dower, the two estates did not coalesce, because the legal title to the dower was outstanding in the trustee, and it so remains to this day. But this is not the case as to three out of the four shares conveyed to a trustee to secure Mrs. Bowen. When Little purchased these three shares, he acquired the reversion encumbered only by the life-estate of Mrs. Bowen therein. When he bought that interest, he then owned both the particular estate and the reversion, without any intermediate estate, and the less sinking into the greater, the whole passed as one estate under the conveyance to Bowen's trustee. So as to three of the shares, it would seem to be clear that merger took place before conveyance to the trustee.

But there would appear to be no necessity of resorting to the principle of merger in this case. If it be conceded that there was no merger, still, when Little and wife conveyed the four shares to Bowen's trustee, by the deed of May 12, 1859, all the estate they or either of them had therein, passed, as well the life estate as the reversion, though the estates may have been distinct. The deed conveys to the trustee, without any words of limitation, the undivided four-sevenths of the tract of land, and the effect of the statute (Code of 1873, ch. 112, § 8) was to pass the fee simple or other the whole estate or interest which the grantors had power to dispose of in the shares conveyed.

The decree of the circuit court, as we understand it, deprives Mrs. Bowen of her security of the trust deed to the extent of the value of an estate for her life in the property conveyed, and this error seems to pervade the partition and to run through the whole decree.

If a sale of the tract of land as an entirety be not proper, the liens on the undivided interests respectively being first determined, then the division suggested by the learned

counsel of the appellee, Mrs. Bowen, would seem to be free from objection; and that is, to set apart four-sevenths of the whole tract, free of dower, to be sold, to provide for Mrs. Bowen's claim by paying out of the proceeds the accrued annuity due her, and set apart a fund, to be safely invested, for the purpose of raising $300 a year to pay her annuity thereafter, during her life, as it accrues. Should there be any surplus of the purchase money, the same, together with the principal set apart to raise Mrs. Bowen's annuity, at her death to be applied, as Mrs. Little's separate estate, to the payment of the debts charged upon it; one-third of the other three-sevenths to be set apart as Mrs. Little's property during the life of Mrs. Bowen, as the dower of the latter belonging to the former under the conveyance of the property to her separate use, said interest of Mrs. Little therein to be subjected to her debts charged on her separate estate, and at Mrs. Bowen's death the fee simple in two-thirds of said dower land to be subjected to the claim of Fowle, Snowden & Co., and in one-third thereof to pass to the Chipley heirs.

The remaining two-thirds of said three-sevenths to be sold, and the purchase money divided, two-thirds thereof to be applied to the claim of Fowle, Snowden & Co., and one-third to the Chipley heirs.

Should there be any surplus of the funds dedicated to pay the claim of Fowle, Snowden & Co., the same to be part of Mrs. Little's separate estate and subject to the debts charged on it.

The result is, that the decree must be reversed out and out.

When the case gets back to the circuit court, any of the parties wishing to except to the report of the partition should be allowed to do so, and, if desired, the report of the master should be recommitted.

The grounds of the decision here make it proper to change

some of the decrees prior to the one appealed from, in order to give full effect to the views expressed in this opinion. The record we have before us is so incomplete and imperfect that we are unable to say how far, if at all, it may be necessary to alter any of the former decrees. If such alteration be necessary or proper, it may be made in the circuit court, on petition filed for the purpose.

We discover no errors in the record, on the assignments made, for which the decree should be reversed in favor of the appellants; but as it must be reversed for the error assigned by the appellees, they, as the parties substantially prevailing in this appeal, must have their costs against the appellants in this court.

DECREE REVERSED IN FAVOR OF THE APPELLEES.